O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALBERTO C. MANDUJANO (AKA)<br>JOSE ISMAEL OCHOA,<br><br> Petitioner, <br><br> v. <br><br>UNITED STATES OF AMERICA,<br><br> Respondent, <br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CR 02-00996 (B) DDP<br><br>**ORDER DENYING PETITIONER'S<br>REQUEST FOR COPIES OF TRANSCRIPTS**<br><br>[DKT No. 260] |

This matter comes before the Court on Petitioner in Pro Per Jose Ismael Ochoa's request that the Court provide him with copies of transcripts for all prior proceedings related to his conviction. (DKT No. 260.) After reviewing Petitioner's submission, the Court DENIES the petition.

The circumstances under which transcripts may be furnished at the public expense was addressed by Congress in 28 U.S.C. § 753(f), which provides in relevant part:

///

///

///

1        Fees for transcripts furnished in criminal proceedings to

2        persons proceeding under the Criminal Justice Act (18 U.S.C.

3        (s) 3006A), or in habeas corpus proceedings to persons allowed

4        to sue, defend, or appeal in forma pauperis, shall be paid by

5        the United States out of moneys appropriated for those

6        purposes. Fees for transcripts furnished in proceedings

7        brought under section 2255 of this title to persons permitted

8        to sue or appeal in forma pauperis shall be paid by the United

9        States out of money appropriated for that purpose if the trial

10        judge or a circuit judge certifies that the suit or appeal is

11        not frivolous and that the transcript is needed to decide the

12        issue presented by the suit or appeal. . . . "

13  28 U.S.C. § 753(f). As the U.S. Supreme Court has explained, "[t]he

14  statute thus provides for a free transcript for indigent prisoners

15  asserting a claim under § 2255 if a judge certifies that the

16  asserted claim is 'not frivolous' and that the transcript is

17  'needed to decide the issue.'" U. S. v. MacCollom, 426 U.S. 317,

18  320-21 (1976).

19      Here, the Court has been presented with no basis on which it

20  might certify that Petitioner intends to file a claim under § 2255

21  that is "not frivolous" or that a transcript of all prior

22  proceedings is "needed to decide the issue." 426 U.S. at 320-21.

23  Petitioner has not provided any description of any § 2255 claim he

24  intends to file or, indeed, stated plainly that he plans to file a

25  § 2255 claim. Moreover, Petitioner's prior challenges to his

26  conviction provide no basis for confidence that Petitioner intends

27  to file a non-frivolous claim. On February 12, 2010, following

28  criminal proceedings in which Petitioner replaced his court-

1  appointed attorney three times before finally electing to represent

2  himself shortly before trial, the Court denied Petitioner's § 2255

3  claim, concluding that "Petitioner's attack on his conviction is

4  clearly without merit" and that no evidentiary hearing was

5  required. (DKT No. 259 at 2,4.) There are no grounds to conclude

6  that any unspecified additional claim Petitioner may file will have

7  greater merit.

8       Accordingly, Petitioner's request for copies of transcripts is

9  DENIED.

10

11 IT IS SO ORDERED.

12

13

14 Dated:February 25, 2014

15                                    DEAN D. PREGERSON
                                      United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28